**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OWCEN LOAN SERVICING LLC,<br><br>                          **Plaintiff,**<br>v.<br><br>CAROLYN MASINO (f/k/a CAROLYN PAMPANIN); NICHOLAS PAMPANIN; AND USAA FEDERAL SAVINGS BANK,<br><br>                         **Defendants.** | Civil Action No. 15-8699 (CCC)<br><br><br>**REPORT & RECOMMENDATION** |

**FALK, U.S.M.J.**

      Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 9.] The motion is opposed. No argument was heard. Fed. R. Civ. P. 78(b). Based upon the following, it is respectfully recommended that the motion to remand be **GRANTED** and the request for fees and costs be **DENIED**.

**BACKGROUND**[1]

      This is a convoluted state foreclosure action. In 2005, Defendants Carolyn Masino (formerly Pampanin) and Nicholas Pampanin, then married, executed a Fixed/Adjustable Rate Note in favor of Defendant USAA Federal Savings Bank in the amount of

---

[1] This section is limited to the facts necessary to decide the present motion. Some facts are disputed and nothing herein purports to resolve any fact disputes. The section is drawn from the papers submitted; some citations and quotations are omitted.

$159,654.00.  (Certification of Bhaveen R. Jani, Esq. ("Jani Cert."), Ex. A.)  To secure the note, Masino and Pampanin executed a mortgage against a property located at 32 Hicks Avenue, Newton, New Jersey.  (Jani Cert., Ex. B.)  Beginning in 2010, payments were allegedly not made on the Note, and the mortgage was ultimately assigned to Plaintiff in 2013.

As a result of the default on the Note, on October 18, 2013, Plaintiff filed a foreclosure complaint in the Superior Court of New Jersey, Chancery Division, Sussex County.  (Jani Cert., Ex. C.)   Plaintiff alleges that all three Defendants were served with the Complaint.  (Jani Cert., Exs. D-F.)[2]  None of the Defendants appeared, and default was entered on October 24, 2014.  (Jani Cert., Ex. G.)  Plaintiff later filed an amended complaint, which it contends was served.  (Pl.'s Reply Br. 2.)

On December 17, 2015, despite the state court default which was not vacated, Masino removed the case to this Court alleging the presence of federal diversity jurisdiction.  Specifically, the Notice of Removal alleges that Plaintiff is a LLC that is a citizen of the United States Virgin Islands (Notice of Removal ¶ 3(i)(A)); Masino is a citizen of Florida (id. ¶ 3(i)(B)); Pampanin is a citizen of New Jersey (id. ¶ 3(i)(C)); and USAA is a citizen of Texas (id. ¶ 3(i)(D).)  Neither Pampanin nor USAA Federal Savings Bank joined in the removal.  And, in fact, Pampanin specifically objected to removal. (Jani Cert., Ex. L.)  Masino filed an answer in this Court alleging 17 counterclaims and/or cross-claims, also adding to the case third-party Defendants RAS Citron, and Johnna Rockwell, who allegedly also lives at the Newton property.

On January 19, 2016, Plaintiff filed the present motion to remand, contending that removal was improper because it violates the "forum defendant rule" and the "rule of unanimity" (both discussed below), which are procedural requirements for proper removal.  Plaintiff also contends that the removal violates the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Masino opposes remand, appearing to argue that the forum defendant rule is not violated because Pampanin, the New Jersey Defendant, was in default and would not be prejudiced, and that the rule of unanimity is not violated because Pampanin and USAA are "nominal or dispensible" parties.[3]

---

[2] As an example of the fact disputes in the case (and despite the State Court entering default), Masino appears to dispute that she was effectively served with the Complaint.

[3] Neither Pampanin nor USAA have submitted any briefs on the issue.

**DECISION**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating that the removal was proper. See Boyer v. Snap-On Tools, Inc., 913 F.2d 108, 111 (3d Cir. 1990). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." Thompson v. Novartis Pharm. Co., 2007 WL 1521138, at *2 (D.N.J. May 22, 2007) (quotations omitted). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

**1.     Remand is Appropriate**

Remand is clearly required in this case for the following reasons.

**First**, Masino's removal violates the forum defendant rule. Where the federal court's jurisdiction is based on diversity, Section 1441(b) imposes an additional condition known as the forum defendant rule. The statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State of in which such an action is brought.

28 U.S.C. § 1441(b).

Here, Pampanin is a citizen of New Jersey and is alleged to have been served at the time of the removal. Indeed, Plaintiff has attached proof of service, and the New Jersey Superior Court entered default against Pampanin based on that service. (Jani Cert., Ex. G.) That ends the inquiry: Pampanin is a citizen of New Jersey served at the time of the removal; therefore, Masino's removal of the action violates the forum defendant rule.

Masino attempts to avoid this obvious conclusion by disputing whether service on Pampanin was effective and by contending, without support, that Pampanin has been fraudulently joined. These arguments have no support in the record. The Superior Court apparently was satisfied service was effective because default was entered against Pampanin. This Court is not in a position to "second guess" the Superior Court's entry of default. Similarly, there is no basis whatsoever for the passing reference to "fraudulent

joinder." Pampanin executed the note and the mortgage at issue, which are the focus of the case; on those facts, a fraudulent joinder argument is meritless. The removal clearly violates the forum defendant rule.[4]

**Second**, the removal violates the rule of unanimity. It is well-established that all defendants must join in the notice of removal—often referred to as "the rule of unanimity." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). There are three exceptions: (1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time of removal. See id. at 213 n.4. The rule of unanimity requires that all defendants "join in the notice of removal or give their consent within the thirty day period for the removal to be proper." New York Reg'l Rail Corp. v. Bridges, No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006).

Here, Masino's removal of the Complaint without the consent of Pampanin and USAA violates the rule of unanimity. See Step Plan Services v. Koresko, 219 Fed. Appx. 249, 250 (3d Cir. 2007) ("[Defendant] failed to obtain the unanimous consent of all defendants before seeking to remove the case to federal court. Therefore, his removal was procedurally defective."). The record establishes that both Pampanin and USAA were served and that neither consented to the removal. Indeed, Pampanin objected to removal. (See Jani Cert., Ex. L.)[5] Finally, none of the exceptions to the rule of unanimity apply: the non-joining parties are clearly not unknown or nominal and fraudulent joinder is not a legitimate issue. [6]

### 2. Attorney's Fees And Costs Are Denied

Plaintiff requests attorney's fees and costs for alleged improvident removal. 28 U.S.C. § 1447(c) provides that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the

---

[4] The Court acknowledges that case law is not uniform on application of the forum defendant rule when the forum defendant has not been served with the Complaint. See, e.g., Williams v. Daiichi Sankyo, 13 F. Supp. 3d 426 (D.N.J. 2014). However, on the facts presented, it is not necessary to address the issue.

[5] Masino questions whether Pampanin's objection to removal was informed. But that is rank hearsay. And putting that aside, whether the objection was informed or not, Pampanin clearly did not join in the removal.

[6] Since remand is appropriate on both (or either) of the first two grounds, there is no reason to address the Younger argument in detail. However, if forced to decide the issue, the Undersigned would likely find interference with the Superior Court's foreclosure action improper based on the facts that have developed.

removal." The decision whether to award fees and costs, however, lies firmly within the sound discretion of the court. See Siebert v. Norwest Bank Mn., 166 Fed. Appx. 603, 606-07 (3d Cir. 2006). And an award is generally improper unless "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Although the Court ultimately agrees that remand is required, the circumstances do not warrant an award of costs. Defendant's arguments based on procedural history of the case are sufficient to constitute a "reasonable basis" for seeking removal. Likewise, procedural mistakes, like those present here, will rarely warrant an award of costs. See Bauer v. Glatzer, 2007 WL 4440213, at *3 (D.N.J. Dec. 17, 2007) ("The basis for Defendant['s] . . . removal to the Court is not rendered unreasonable simply because Defendant . . . did not comply with the procedural requirements of 28 U.S.C. § 1446(b)."). As such, the Court declines to recommend an award of costs and fees.

## CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's motion to remand [ECF No. 9] be **GRANTED** and that Plaintiff's request for attorney's fees and costs be **DENIED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: August 2, 2016**