NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCWEN LOAN SERVICING LLC, | Civil Action No.: 15-8699 |
| Plaintiffs, | |
| v. | |
| CAROLYN MASINO (f/k/a Carolyn Pampanin), et al., | **OPINION & ORDER** |
| Defendants. | |

**CECCHI, District Judge.**

### I.    INTRODUCTION

This matter comes before the Court upon the objections of defendant Carolyn Masino, f/k/a Carolyn Pampanin ("Defendant" or "Masino") to Magistrate Judge Mark Falk's Report and Recommendation on the motion by Plaintiff Ocwen Loan Servicing LLC ("Plaintiff") to remand this action to state court. ECF No. 9. Defendants Nicholas Pampanin ("Pampanin") and USAA Federal Savings Bank ("USAA" and, collectively with Masino and Pampanin, "Defendants") have not joined the removal. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Falk's Report and Recommendation, ECF No. 31, granting Plaintiff's motion to remand.

### II.    BACKGROUND[1]

---

[1] The Court "must assume as true all factual allegations of the complaint" when considering a motion for remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

On January 3, 2005, Masino and her then-husband Nicholas Pampanin executed a note in favor of USAA, as well as a mortgage securing the note against property located at 32 Hicks Ave., Newton NJ.  Compl., ECF No. 1-1, ¶¶ 1-2.  The mortgage was assigned to Plaintiff on May 31, 2013.  Id., Schedule A ¶ 4(b).

Masino and Pampanin subsequently defaulted on their loan payments, see id. ¶ 6, and on October 18, 2013, Plaintiff filed a foreclosure complaint against Masino, Pampanin, and USAA in the Superior Court of New Jersey, Chancery Division, Sussex County (the "Foreclosure Complaint"), see id.  Plaintiff served all three Defendants with the Foreclosure Complaint.  See Certification of Bhaveen R. Jani ("Jani Cert.") Exs. D-F.[2]  None of the Defendants appeared, and default was entered on October 24, 2014.  Id. Ex. G.

On December 17, 2015, Masino removed the case to this Court on the basis of federal diversity jurisdiction.  ECF No. 1.  Her Notice of Removal states: Plaintiff is a citizen of the United States Virgin Islands, id. ¶ 3(i)(A); Masino is a citizen of Florida, id. ¶ 3(i)(B); Pampanin is a citizen of New Jersey, id. ¶ 3(i)(C); and USAA is a citizen of Texas, id. ¶ 3(i)(D).  Neither Pampanin nor USAA joined in the removal.

On January 7, 2016, Masino filed an answer to Plaintiff's amended complaint, as well as (1) a crossclaim against Pampanin, and (2) third-party claims against RAS Citron, LLC, and Johnna Rockwell ("Rockwell").  ECF No. 5. Pampanin and Rockwell were served with a summons on January 27 and 28, 2016.  ECF Nos. 19, 20.  On January 19, 2016, Plaintiff moved

---

[2] The Court may consider Exhibits D through G because they are public records.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

to remand this action and for an award of attorneys' fees and costs. ECF No. 9. Masino opposed the motion. ECF No. 26.

On August 2, 2016, Magistrate Judge Falk issued a Report and Recommendation that Plaintiff's motion be granted. ECF No. 31. Judge Falk concluded the removal violated the "forum-defendant rule" and the "rule of unanimity." See id. at 3-4. In addition, Judge Falk recommended that Plaintiff's request for fees and costs be denied. Id. at 4-5.

Masino filed the instant objection to Judge Falk's Report and Recommendation on August 16, 2016. ECF No. 32. She asserts Judge Falk erred in finding the forum-defendant rule and the rule of unanimity mandated remand. Id. at 3-5. She also appears to argue this Court should retain jurisdiction over her cross- and third-party claims because it improperly denied her request for default against Pampanin and Rockwell. Id. at 4. Plaintiff did not timely object to the Report and Recommendation.

## III.   LEGAL STANDARD

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a de novo determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation does not have

force of law unless and until the district court enters an order accepting or rejecting it.  United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

## IV.    DISCUSSION

### A.    Judge Falk Correctly Concluded Removal Was Improper

Judge Falk concluded that removal was improper in this case for two reasons.  First, the removal violated the forum-defendant rule.  Second, the removal violated the rule of unanimity.  For the reasons set forth below, this Court agrees and, accordingly, will adopt Magistrate Judge Falk's Report and Recommendation granting Plaintiff's motion to remand.

#### 1.    Removal Was Improper Under the Forum-Defendant Rule

"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This is known as the "forum defendant rule."  Sullivan v. Novartis Pharms. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008).

Here, Pampanin is a citizen of New Jersey and appears to have been served at the time of the removal.  See Jani Cert., Ex. G.[3]  To the extent Masino asserts the forum-defendant rule is

---

[3] Nevertheless, to the extent Masino contends Pampanin was improperly served, improper service does not automatically preclude the application of the forum-defendant rule.  Courts have held the "properly joined and served" language should not be applied literally if such application would be at odds with the purpose of the removal statute.  See Sullivan, 575 F. Supp. 2d at 646-47 (holding that applying plain meaning of "properly joined and served" language would "eviscerate the purpose of the forum defendant rule," by allowing defendants to overcome rule simply by filing notice of removal faster than forum defendant could be served); Williams v. Daiichi Sankyo, Inc., 13 F. Supp. 3d 426,  431 (D.N.J. 2014) (same); Bank of Am., N.A. v. Woods, No. 2:14-cv-3246, 2015 WL 268845, at *1 (D.N.J. Jan. 20, 2015) (noting that forum defendant's argument that she had never been served with the complaint did not make removal proper).

4

inapplicable because Pampanin defaulted in the state-court action, Plaintiff does not offer, and this Court does not find, any legal support for that argument.[4] Indeed, it appears Masino also defaulted. See Jani Cert. Ex. G. Accordingly, Judge Falk correctly concluded Masino's removal violated the forum-defendant rule.

### 2.  Removal Was Improper Under the Rule of Unanimity

The "rule of unanimity" requires all defendants to join in the removal. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). There are three exceptions to the rule: (1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a nonresident defendant has not been served at the time of removal. See id. at 213 n.4 (citations omitted).

Judge Falk concluded that because USAA and Pampanin did not join in the removal and no exception to the rule of unanimity applied, the removal was improper. Masino appears to contend the second exception to the rule of unanimity applies here. Specifically, she asserts Pampanin and USAA are nominal parties because they defaulted. Entry of default, however, does not render a forum defendant a nominal party for the purposes of the unanimity rule. See Am. Asset Fin., LLC v. Corea Firm, 821 F. Supp. 2d 698, 701 (D.N.J. 2011) (citing Schlegle & Sons Printing v. United English Breeders & Fanciers Assoc., Inc., 682 F. Supp. 36, 37 (C.D. Ill. 1988)). Accordingly, the Court finds Judge Falk correctly determined Masino's removal violated the rule of unanimity.

### B.  Masino's Remaining Contentions

---

[4] Moreover, Pampanin appears to be active in this litigation. First, an email Plaintiff submitted indicates Pampanin did not consent to the removal of this action. See Jani Cert. Ex. L. Second, Pampanin answered Masino's crossclaims. See ECF No. 29.

Finally, Masino contends this Court should retain jurisdiction over this matter because it improperly denied her request for default against Pampanin and Rockwell for failure to answer or otherwise move.  Masino is incorrect.  This Court properly denied Masino's request for default because Pampanin and Rockwell timely answered her cross- and third-party complaint.[5] Accordingly, Masino's remaining contentions in opposition to remand are unavailing.

## V.  **CONCLUSION**

Having thoroughly reviewed Magistrate Judge Falk's Report and Recommendation and Defendant's objections thereto, and for the reasons stated above, this Court hereby adopts Magistrate Judge Falk's Report and Recommendation in full, and grants Plaintiff's motion to remand.  Accordingly,

**IT IS** on this 2 2 day of **August, 2016**,

**ORDERED** that Defendant's objections to Judge Falk's Report and Recommendation are overruled; and it is further

**ORDERED** that Judge Falk's Report and Recommendation is hereby adopted in full; and it is further

**ORDERED** that this case be remanded to the Superior Court of New Jersey; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

---

[5] Specifically, Pampanin and Rockwell were served with Masino's summons on January 28, 2016.  ECF Nos. 19, 20.  The summonses granted them until February 19, 2016 to file their answer.  See ECF Nos. 11, 12 (stating Pampanin and Rockwell must file an answer within twenty-one days after service of the summons, excluding the day the summons was served).  On February 19, 2016, Pampanin and Rockwell were granted, pursuant to Local Civil Rule 6.1(b), an additional fourteen days in which to answer, move, or otherwise reply.  ECF Nos. 24, 25. Thirteen days later, on March 3, 2016, Pampanin and Rockwell filed their answers.  ECF Nos. 29, 30.  Therefore, their answers were timely.

6

SO ORDERED.

_____
CLAIRE C. CECCHI, U.S.D.J.